COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


RAYMOND A. PENDLETON
                                          OPINION BY
v.        Record No. 2055-95-2     JUDGE SAM W. COLEMAN III
                                          JUNE 11, 1996
EVELYN M. PENDLETON


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                  Richard H. C. Taylor, Judge


            Donald K. Butler (Morano, Colan & Butler, on
            brief), for appellant.

            No brief or argument for appellee.



     In this appeal, the husband contends that the trial court

erred by ordering an increase in his spousal support obligation.

He asserts that Code § 20-109[1] precluded the court from

---

[1] Code § 20-109 reads:
            Upon petition of either party the court may
            increase, decrease, or terminate spousal
            support and maintenance that may thereafter
            accrue, whether previously or hereafter
            awarded, as the circumstances may make
            proper.  However, in suits for divorce,
            annulment and separate maintenance, and in
            proceedings arising under subdivision A 3 or
            L of § 16.1-241, if a stipulation or contract
            signed by the party to whom such relief might
            otherwise be awarded is filed before entry of
            a final decree, no decree or order directing
            the payment of support and maintenance for
            the spouse, suit money, or counsel fee or
            establishing or imposing any other condition
            or consideration, monetary or nonmonetary,
            shall be entered except in accordance with
            that stipulation or contract.  Upon the death
            or remarriage of the spouse receiving
            support, spousal support shall terminate
            unless otherwise provided by stipulation or
            contract.  If such a stipulation or contract

modifying spousal support where, as here, the parties contractually agreed upon the amount of spousal support in their property settlement agreement and the agreement had been approved and incorporated into the final divorce decree.  We agree and reverse the trial court's modification decree.

Raymond A. Pendleton (husband) and Evelyn M. Pendleton (wife) separated in July 1986.  They entered into a property settlement agreement, as amended, that divided all of their property and an amended agreement in which they divided their property and included a requirement that husband pay wife spousal support in the amount of $250 per week.  The agreement provided that the court could modify spousal support only if husband suffered a reduction in wages as a result of involuntary termination or a medical or physical disability.[2]  By order dated

(..continued)
          is filed after entry of a final decree and if
          any party so moves, the court shall modify
          its decree to conform to such stipulation or
          contract.


     [2]The agreement reads:
              Support and Maintenance of Wife:  . . .
          [T]he [support] payments shall terminate upon
          the death of either of the Parties, the
          remarriage of the Wife, the involuntary
          termination or the retirement, which for this
          purpose voluntary retirement shall not count
          until he reaches the age of 65, of the
          husband from Fluor Daniel Corporation.  In
          the event of the said involuntary termination
          or medical or physical disability of the
          Husband which results in a reduction of
          wages, the payments shall be renegotiated
          between the Parties, or shall be set by the
          appropriate Court.
              It is specifically agreed between the

February 12, 1992, the trial court "affirmed, ratified, and incorporated" the parties' agreement into the final decree.

Husband and wife amended the settlement agreement on May 19, 1992 to require husband to pay wife an additional $175 per month in spousal support. This amendment expressly provided that husband's spousal support obligation was not otherwise altered or amended under the settlement agreement and the additional $175 was for the purpose of enabling wife to purchase medical and hospitalization insurance.

On January 4, 1995, wife filed a motion requesting an increase in spousal support. Husband filed a motion to dismiss on the ground that the agreement and provisions of Code § 20-109 precluded the court from being able to modify spousal support. The trial court denied the motion to dismiss. At the modification hearing, wife presented evidence which showed that her monthly expenses exceeded her monthly income. The trial court ordered an increase in spousal support from $250 to $350

(..continued)

> Parties that the said weekly spousal support
> payments of Two Hundred Fifty and no/100
> ($250.00) Dollars per week are to be
> continued thereafter for a minimum period of
> two hundred, sixty (260) weeks irrespective
> of any provisions of this Agreement. This
> provision shall further be binding upon the
> estate of the Husband, except if the
> husband's employment with Fluor Daniel
> Corporation is terminated due to medical or
> physical disability which results in a
> reduction of his wages then the payments
> shall be renegotiated between the Parties, or
> shall be set by the appropriate Court.

per week, plus the additional $175 per month that the parties had included in the amended property settlement agreement in May 1992.

Code § 20-109 authorizes the trial court to modify spousal support and maintenance upon the petition of either party if the court determines that there has been a material change in circumstances that justifies a modification.  See Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). However, where the parties contract or stipulate to the amount of spousal support and that agreement is filed without objection prior to the entry of the final divorce decree, "no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract."  Code § 20-109 (emphasis added). Parties who are sui juris may bilaterally contract and bind themselves to the amount of spousal support that one spouse shall be obligated to pay and to the amount that the other shall be entitled to receive.  Accordingly, where, as here, the parties have agreed to a sum of spousal support and the agreement has been incorporated into the final decree of divorce, the trial court does not have the authority to modify support, except as provided in the agreement.  Parrillo v. Parrillo, 1 Va. App. 226, 228, 336 S.E.2d 23, 24 (1985).

Here, husband and wife entered into a valid settlement agreement which specified the amount of spousal support he would

pay and she would receive.  Wife did not object when the trial court affirmed, ratified, and incorporated the agreement into the final divorce decree.  The trial court held that it could modify the agreement because it contained the provision that it "shall be construed and governed in accordance with the law of the State of Virginia."  The trial court ruled that because "the law of the State of Virginia" allows it to modify spousal support, it had the power to do so.

The court's construction of this general language is in direct conflict with the specific provisions of Code § 20-109, which recognize the right of the parties to contract and bind themselves as to spousal support.  The contract's pronouncement that the agreement "shall be construed and governed in accordance with the law of Virginia" was a choice of laws provision that designated which state's law would govern the construction of the contract and did not grant the trial court the authority to modify spousal support contrary to the contract and Code § 20-109.  Accordingly, we hold that the trial court exceeded its authority under Code § 20-109 by overruling husband's motion to dismiss and by modifying the support agreement and decree.  We reverse and remand the case to the trial court to vacate the modified support award and to reinstate the former support award.

<u>Reversed and remanded.</u>