COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


EVELYN CHRISTIAN BRYDON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0808-97-2           JUDGE LARRY G. ELDER
                                        NOVEMBER 4, 1997
ROBERT CARTER BRYDON


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        James B. Wilkinson, Judge

          Maurice H. Bell, Jr., for appellant.

          Robert G. Cabell, Jr., for appellee.



     Evelyn Christian Brydon (wife) appeals an order of the
trial court terminating the monthly spousal support paid to her
by Robert Carter Brydon (husband) since their divorce.  She
contends (1) that the evidence was insufficient to support the
trial court's conclusion that she engaged in an incestuous
relationship with the parties' son during his teenage years, and
(2) that the trial court erred as a matter of law when it
terminated her spousal support.  For the reasons that follow, we
reverse.

     The evidence established that the parties were married in
1961 and divorced in 1969.  The parties had one child, a son, who
was six at the time of the divorce and thirty-four at the time of
the hearing on husband's petition to terminate spousal support.

---

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

At the hearing, the parties' son testified that, beginning when he was thirteen or fourteen, he began an incestuous relationship with his mother. Wife contends that Code § 20-109 precluded the trial court from terminating spousal support because the parties contractually agreed upon the amount of spousal support in a settlement agreement that was approved and incorporated into their final divorce decree. We agree.

The record indicates that, prior to their divorce, the parties entered into an agreement that states that "[h]usband agrees to pay to the wife the sum of Two Hundred Dollars ($200.00) per month alimony for the wife . . . ." In their final divorce decree, the trial court incorporated the parties' agreement and ordered:

> in conformity with said agreement and with the consent of the parties, . . . that [husband] pay to [wife] the sum of $200.00 alimony each month until such time as [wife] remarries, or the death of one or the other parties, or until the further order of this Court; . . . .

We hold that the trial court erred when it terminated wife's spousal support because it lacked the authority to do so. Under Code § 20-109, the trial court may modify or terminate a prior award of spousal support upon the petition of either party, if the court determines that there has been a material change in circumstances that justifies the remedy sought. See Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

> However, where the parties contract or stipulate to the amount of spousal support and that agreement is filed without objection

> prior to the entry of the final divorce decree, "no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered <u>except in accordance with that stipulation or contract</u>."

<u>Pendleton v. Pendleton</u>, 22 Va. App. 503, 506, 471 S.E.2d 783, 784 (1996) (quoting Code § 20-109) (emphasis in original). In this case, the parties agreed to an amount of spousal support that was incorporated into their final divorce decree. Thus, the trial court was without authority to terminate spousal support except as provided in their agreement. <u>See</u> <u>id.</u>, 22 Va. App. at 507, 471 S.E.2d at 784 (citing <u>Parrillo v. Parrillo</u>, 1 Va. App. 226, 228, 336 S.E.2d 23, 24 (1985)). Because husband failed to establish that wife had either re-married or died, the trial court was powerless to terminate his support obligation.

Assuming <u>arguendo</u> that the language in the final divorce decree of "or until final order of this Court" gave the trial court the authority to terminate wife's spousal support based on a change in circumstances, its decision was still erroneous. First, its conclusion that husband's "economic circumstances" had changed was not supported by the evidence. Although husband testified that he had retired from one accounting firm and joined another, he testified that his salary was "about the same" and that he had additional retirement income of $1,500 per month. In addition, the discovery of an incestuous relationship between a custodial parent and a child nearly twenty years after the fact does not, under current law, provide a ground to terminate the

non-custodial parent's obligation to pay spousal support.  While we agree with the trial court that sexual relations between parent and child are "egregious" and "reprehensible," it is not a "'circumstance[]' which make[s] 'proper' . . . [the] cessation of spousal support under Code § 20-109" because it does not "bear upon the financial needs of the dependant spouse or the ability of the supporting spouse to pay."  See Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452 (stating that the General Assembly did not intend for post-marital "misconduct or illicit cohabitation to terminate spousal support").

Because we hold that the trial court erred when it terminated wife's alimony on the grounds asserted by husband, we need not address the sufficiency of the evidence regarding the alleged incestuous relationship.

For the foregoing reasons, we reverse the trial court's order terminating husband's obligation to pay spousal support.

Reversed.