COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


LEE ALEXANDER STEVENSON

                                          MEMORANDUM OPINION*
v.    Record No. 2285-97-4                     PER CURIAM
                                              APRIL 28, 1998
CHERYL ANN STEVENSON


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      William D. Hamblen, Judge

          (Roger A. Potter, on brief), for appellant.

          No brief for appellee.



     Lee Alexander Stevenson (husband) appeals the decision of

the circuit court finding him in contempt of an order entered

April 2, 1993.  Pursuant to that order, husband agreed to (a)

retain a $150,000 life insurance policy naming Cheryl Ann

Stevenson (wife) the beneficiary, and (b) pay wife $14,200 no

later than March 1, 1997, as her interest in his pension with the

Virginia State Retirement System.  Husband contends that the

trial court lacked jurisdiction to enter the April 2, 1993 order

and that, therefore, he could not be found in contempt.  Upon

reviewing the record and husband's opening brief, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.


---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Subject Matter Jurisdiction

Rule 1:1 of the Rules of the Supreme Court of Virginia provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Husband contends that the circuit court lacked jurisdiction in April 1993 to enter any order modifying the November 1991 final decree. Husband mischaracterizes the nature of the April 1993 order. We find no error.

The final decree ratified and incorporated, but did not merge, the parties' marital agreement. The agreement remained an extant contract, enforceable under either contract law or through the court's contempt power. See generally Doherty v. Doherty, 9 Va. App. 97, 99, 383 S.E.2d 759, 760 (1989). Subsequently, as expressly authorized in paragraph four of their agreement, the parties exercised their retained power to amend their agreement and executed a written modification. See Pendleton v. Pendleton, 22 Va. App. 503, 471 S.E.2d 783 (1996). This modification was ratified and incorporated, but not merged, into a consent decree on April 2, 1993.

"'Jurisdiction' means the power of a court to hear and determine a cause, which power is conferred by a constitution or by statute, or both." Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388, 404 S.E.2d 388, 392 (1991). Code § 20-109.1

2

expressly provides as follows:

> Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce . . . or by a separate decree prior to or subsequent to such decree, . . . any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary. Where the court affirms, ratifies and incorporates by reference in its decree such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree.

Therefore, by statute, the court had the power "by a separate decree prior to or subsequent to" the final decree to incorporate "any valid agreement between the parties." "Marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). The ratification and incorporation of the parties' original agreement into the final decree did not alter the agreement's modification provision or strip the parties of the power to modify the agreement pursuant to its terms. The parties further enforced their amendment by bringing the amendment before the circuit court for entry as a consent decree.

Husband's contentions that the trial court failed to expressly reserve jurisdiction over equitable distribution or

3

spousal support in the final decree are irrelevant under the facts of this case.[1]  The parties' agreement allowed modification.  The parties exercised that option.  The circuit court had jurisdiction to enter the 1993 order.  Husband's argument ignores the provision in the parties' agreement allowing them to subsequently modify their own agreement.  His position would unduly limit divorcing parties' freedom to address unexpected circumstances in a manner agreeable to both of them.  We will not assume such a restriction where the language of the agreement expressly provides otherwise.

Code § 20-109

Husband contends that the April 1993 order violated Code § 20-109 because it contained different terms than those set out in the agreement.  That contention ignores the fact that the parties retained power to modify their agreement.  The court's April 1993 order conformed to the parties' agreement, as amended, and did not violate Code § 20-109.

Parties Cannot Give Jurisdiction by Consent

As noted by husband, "[s]ubject matter jurisdiction may be

---

[1]Husband argues that the April 1993 order impermissibly modified spousal support.  For the reasons previously stated, we find that the circuit court had jurisdiction in 1993 to rule on the parties' agreed modification in support.  Husband did not object to or appeal the provisions of the order in 1993, and any challenges to the 1993 order are untimely.  In this appeal, he also failed to indicate by citation to the record where he raised this issue before the trial court.  The Court of Appeals will not consider an argument on appeal which was not presented to the trial court.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

fixed only by the constitution or a statute, and it may not be conferred upon a court by the consent of the parties." <u>Rogers v. Damron</u>, 23 Va. App. 708, 711, 479 S.E.2d 540, 541 (1997). This was not an instance where the parties colluded in an attempt to give the court subject matter jurisdiction it did not already possess by statute.

## Order of Enforcement

For the reasons previously stated, husband's contention that the April 1993 order was not an order of enforcement under Code § 20-107.3(K) is irrelevant.

## No Prayer for Equitable Distribution

Husband also contends that the court lacked the power to grant any equitable distribution relief because neither party included a prayer for equitable distribution in their pleadings. Husband failed to either object to or appeal the April 1993 order. Therefore, he waived this argument.

Moreover, husband's contention lacks merit. In her Bill of Complaint, wife stated that the parties "executed a marital Agreement which disposes of all matters of property and support, on June 18, 1991," and prayed that "the Property Settlement Agreement executed by the parties be affirmed, ratified, and incorporated by reference into any final decree of divorce . . . ." Wife's pleadings adequately described the existence of the property settlement agreement and her request that the agreement resolving all property issues be incorporated into the

5

final decree.  Cf. Boyd v. Boyd, 2 Va. App. 16, 19, 340 S.E.2d 578, 580 (1986).  Husband's reliance on Gologanoff v. Gologanoff, 6 Va. App. 340, 369 S.E.2d 446 (1988), is misplaced, as we ruled in that case that the wife's pleadings were adequate, but that evidence was insufficient to warrant a monetary award.

## Additional Issues

We briefly address the additional issues raised by husband. Because the April 1993 order was not void, husband's contention that he could not be found in contempt of a void order is moot. We find that, to the extent any inconsistency existed between the February 11, 1992 qualified domestic relations order and the April 1993 order implementing the parties' modified agreement, the April 1993 order superseded the previous order.  Husband filed no objections or timely appeals in connection with the April 1993 order, and, therefore, waived any challenges under Code § 20-107.3(G) to the specific provisions of the April 1993 order.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.