COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


SUSAN K. SMITH
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0488-98-2              JUDGE DONALD W. LEMONS
                                            MARCH 30, 1999
WILLIAM S. SMITH


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        William R. Shelton, Judge

              Mary-Leslie Duty (Duty, Duty & Gay, on
              brief), for appellant.

              Deanna D. Cook (Bremner, Janus & Cook, on
              brief), for appellee.


     Susan K. Smith appeals the trial court's dismissal of her

motion for an increase in spousal support.  The trial court held

that the provisions of Code § 20-109 and the terms of the

parties' separation agreement precluded the court from modifying

spousal support.  Although we hold that the parties' separation

agreement was ambiguous as to whether the court could modify the

amount of spousal support, we affirm the decision of the trial

court.

                          I.  BACKGROUND

     Susan K. Smith (wife) and William Scott Smith (husband)

were married on June 21, 1975.  The parties separated on

November 26, 1989.  On May 2, 1991, both parties entered into a

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

property settlement agreement which resolved all issues of spousal support, equitable distribution, child custody and support. On June 13, 1991, the final decree of divorce affirmed, ratified and incorporated by reference the property settlement agreement. All matters regarding the support and custody of the children were remanded to the Chesterfield Juvenile and Domestic Relations District Court ("J & DR court").

On July 3, 1996, the husband filed a petition in the J & DR court seeking to have his child support payments reduced, based upon the eldest child graduating from high school and having reached the age of eighteen. The wife filed a motion in the circuit court to remand the issue of spousal support to the J & DR court, which was done by court order. The wife filed a response to the husband's request to decrease child support and filed a separate motion to increase spousal support. The husband objected to the court hearing the wife's motion, arguing that the court lacked jurisdiction to increase the amount of spousal support based upon the parties' property settlement agreement of May 2, 1991 and Code § 20-109.1.

On November 1, 1996, a hearing was held in the J & DR court. By order entered on December 10, 1996, the J & DR court found that Code § 20-109.1 and the parties' written property settlement agreement precluded the court's jurisdiction to modify spousal support. The wife appealed the order of the

J & DR court to the circuit court and on March 13, 1997, a hearing was held by the circuit court on the issue of whether the court had jurisdiction to increase spousal support. By letter dated May 19, 1997, and order entered February 9, 1998, the circuit court denied the wife's petition to increase spousal support, stating that the court lacked jurisdiction to modify spousal support.

## II. JURISDICTION TO MODIFY SPOUSAL SUPPORT

Pursuant to Code § 20-109, a trial court may modify the existing terms of spousal support and maintenance upon the petition of either party. However, "where the parties contract or stipulate to the amount of spousal support and that agreement is filed without objection prior to the entry of the final divorce decree, no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract." Pendleton v. Pendleton, 22 Va. App. 503, 506, 471 S.E.2d 783, 789 (1996) (citations omitted); see Code § 20-109(C). Section 20-109(C) "inhibits the power of the court to award or consider modification of the decree to the extent that spousal support and maintenance are provided for in the incorporated agreement of the parties." White v. White, 257 Va. 139, 144, 509 S.E.2d 323, 325 (1999) (citations omitted).

- 3 -

The property settlement agreement signed by the parties on May 2, 1991 contained the following pertinent provisions in paragraph sixteen,

> [b]eginning August 1, 1991, the Husband shall pay to the Wife the sum of Five Hundred dollars ($500.00) per month as spousal support.  Spousal support payment [sic] shall be due and payable on the first day of each month and continue thereafter until further Court Order or remarriage of the Wife.
>
> It is understood that these provisions for the payment of child support and spousal support are based upon an income of the Husband being $100,000.00.  Should Wife remarry or for any reason not be entitled to spousal support, the child support payments would automatically increase by the same amount ($500.00) and continue until further Court Order.

Paragraph eighteen of the agreement contained the following waiver provision,

> [t]he Wife acknowledges that the foregoing provisions for her, together with her anticipated income from other sources will provide for her support and maintenance and that the foregoing, considering all of the Wife's circumstances, is fair, adequate and satisfactory to her and is in the keeping [sic] with her accustomed standard of living and her reasonable requirements, giving consideration to her own ability to provide for her own support.
>
> THE WIFE, THEREFORE, WAIVES ANY AND ALL CLAIM TO SUPPORT AND MAINTENANCE FOR HERSELF OTHER THAN THOSE TERMS AND CONDITIONS HEREIN, AND HEREBY RELEASES AND DISCHARGES ABSOLUTELY AND FOREVER FOR THE REST OF HER LIFE, FROM ANY AND ALL CLAIMS AND DEMANDS,

PAST, PRESENT OR FUTURE, FOR SUPPORT,
MAINTENANCE OR LUMP SUM SETTLEMENT.

The final decree of divorce order entered on June 13, 1991

contained the following provisions,

> And it appearing to the Court that the parties to this cause have entered into an Agreement and Stipulation in accordance with Virginia Code Section 20-109 and 20-109.1, Code of Virginia, 1950, as amended, it is ADJUDGED, ORDERED and DECREED that said Agreement and Stipulation be, and the same is hereby affirmed, ratified, and incorporated by the Court, and that the parties fully comply with the terms of same, and that a copy thereof is on file with the papers in this cause.

> *        *        *        *        *        *        *

> It is hereby ORDERED that the defendant shall pay to the plaintiff the sum of Five Hundred Dollars ($500.00) per month as spousal support.  Said spousal support shall be due and payable on the first day of each month and shall continue thereafter until further Court Order or remarriage of the plaintiff.

> *        *        *        *        *        *        *

> It is further ORDERED that, pursuant to Section 20.79(c) of the Code of Virginia, 1950, as amended, all matters pertaining to the care, custody, visitation and support of the minor children of this marriage are transferred to the appropriate Juvenile and Domestic Relations District Court, having jurisdiction, for the enforcement of the decrees of this Court, or for the modification or revision thereof as the circumstances may require.

At the trial court, the parties agreed to orally argue the issue of the court's jurisdiction to modify the amount of spousal support, considering only the property settlement agreement and the final decree of divorce and not considering any other evidence. Both parties argued that the terms of the property settlement agreement were clear and unambiguous. However, each party asserted that the language "until further Court Order" contained in the agreement supported a meaning contrary to the meaning asserted by the other party.

On appeal, the wife argues that the trial court erred in finding that it did not have jurisdiction to modify the spousal support order. She states that Code § 20-109 grants the court authority to "increase, decrease or terminate the amount or duration of any spousal support and maintenance . . . whether previously or hereafter awarded, as the circumstances may make proper." She maintains that the language in the property settlement agreement and the divorce decree "until further Court Order" was a clear and proper reservation of the right of either party to request a modification of both the amount and the duration of spousal support award. The wife asserts further that the agreement was based upon the husband's then-current income of $100,000 per year and that the parties intended to make the support award modifiable upon a change in his income. In addition, the wife suggests that if the court does find that

the agreement is ambiguous, it must consider extrinsic evidence to determine the intentions of the parties.

Conversely, the husband argues on appeal that the court's jurisdiction is limited to the modification of the duration of spousal support and that the amount of support is non-modifiable based upon the terms of the property settlement agreement. The husband contends that the language "until further Court Order or remarriage of the Wife" allows the court to terminate support, but not modify the amount. The husband argues that the agreement contains no explicit language reserving authority for the court to increase or decrease the amount of spousal support and that the court may not modify an award in the absence of such a provision. The husband argues further that paragraph eighteen of the agreement constitutes a waiver of any right of either party to seek any type of support from the other party in the future. The husband maintains that the court must read paragraph eighteen, the waiver provision, in conjunction with paragraph sixteen which sets the dollar amount of support, or the waiver will be rendered meaningless.

The husband also contends that the wife may not argue for the first time on appeal that the agreement is ambiguous and that the case should be remanded to the trial court for consideration of parol evidence. The husband asserts that if the wife believed that the introduction of parol evidence was

necessary to determine the intent of the parties, she should not have agreed to submit the issue of the trial court's jurisdiction to modify the amount of spousal support without the benefit of a full evidentiary hearing.

An appellate court is not bound by the conclusions of the trial court with respect to the construction of the terms of a property settlement agreement.  See Bergman v. Bergman, 25 Va. App. 204, 211-12, 487 S.E.2d 264, 267-68 (1997) (citations omitted).  "[I]f all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can be readily ascertained by this court." Id. at 212, 487 S.E.2d at 268 (citation omitted).

At the hearing held in the circuit court, the parties agreed to argue orally whether the court had jurisdiction to modify the amount of spousal support without introducing extrinsic evidence of the parties' intentions.  Based upon the arguments made by counsel, the court determined that it did not have jurisdiction to modify the spousal support award.

On the face of the document, it is unclear whether the agreement of the parties preserves continuing jurisdiction over modification of the amount of spousal support or the duration of spousal support or both.  If the only language in question was the meaning of the phrase "and continue thereafter until further

court Order," we would find that the court had jurisdiction to modify the amount of spousal support. See Losyk v. Losyk, 212 Va. 220, 183 S.E.2d 135 (1971); Duke v. Duke, 239 Va. 501, 391 S.E.2d 77 (1990). But in the same numbered paragraph of the agreement the parties state that if spousal support terminates, the sum certain of $500 would be added to child support. This additional provision of the agreement provides further support for husband's argument that the amount was never to vary and consequently could not be subject to modification by the court.

We find the language of the agreement to be ambiguous on the question of spousal support modification; however, neither party submitted parol evidence to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18. Neither party argued to the trial court that the agreement was ambiguous, and the court had no parol evidence before it; consequently, we have no evidence in the record sufficient to resolve the ambiguity. Even if we invoked the good cause or ends of justice exceptions to Rule 5A:18, we have an insufficient record to consider the issue. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

In this case, the wife bears the burden of demonstrating that the trial judge's ruling was plainly wrong or without

evidence to support it.  Although we find the language of the agreement to be ambiguous, remand for the wife to have a "second bite at the apple" is inappropriate.  Having chosen to submit the issue to the trial court with each party insisting that the language is unambiguous, the wife places limitations upon the trial court and the appellate court.  With these limitations, the wife fails in her burden on appeal.  Accordingly, the decision of the trial court is affirmed.

### III.  ATTORNEY'S FEES

On appeal, the husband argues that he is entitled to attorney's fees and costs incurred in defending the instant appeal, and requests that we remand the case to the trial court for its calculation of attorney's fees incurred by him in this case.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Although we find the agreement to be ambiguous on the issue presented, we do not believe that the wife's assertion that it

was ambiguous was frivolous.  The husband's request for attorney's fees is denied.

<u>Affirmed</u>.
