# CIRCUIT COURT OF FAIRFAX COUNTY

Anthony J. Pekich

v.

Martha F. Pekich

Case No. (Chancery) 153879

Martha F. Pekich

v.

Anthony J. Pekich

Case No. (Chancery) 151990

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

June 9, 1999

This matter came before me for trial on April 22, 1999. At that time I ruled on all issues except Mr. Pekich's request for attorney's fees on the grounds that Mrs. Pekich sought sole custody of their children contrary to the terms of the parties' property settlement agreement.

Mr. and Mrs. Pekich executed a Property Settlement and Separation Agreement ("the Agreement") dated February 21, 1997. In Chancery No. 151990, Mrs. Pekich sought and this Court entered a consent order affirming, ratifying and incorporating the Agreement. In Chancery No. 153879, Mr. Pekich sought a divorce based on the parties having lived separate and apart for a period in excess of one year, incorporation of the Agreement into the Final Decree, and child support based on a change in circumstances since the Agreement was executed. Mrs. Pekich filed a cross-bill of complaint seeking divorce based upon the parties having lived separate and apart for a period in excess of one year, and that "the parties be granted . . . joint and shared

custody as they now have, that the time periods for custody by the parents of the children be spelled out specifically, that the rights of the parties to be involved in decisions regarding the children be determined and, absent such an order by the Court, that [Mrs. Pekich] be awarded sole custody of the children subject to visitation by [Mr. Pekich]."

The Agreement provides that "neither party shall pay the other child support and each shall be equally responsive for the expenses incurred and the caretaking of the children." The Agreement also provides that "neither party shall attempt to gain sole legal custody at any time, unless either becomes incapacitated and is unable to properly care for the children. This means that those important decisions affecting the children's growth and development shall be made jointly."

In discovery, Mr. Pekich filed an interrogatory asking Mrs. Pekich to identify the factors and circumstances that have changed substantially regarding the caretaking of the children since the Agreement was executed in support of her request for sole custody. Mrs. Pekich answered that interrogatory in detail and provided extensive reasons why she claimed granting her sole custody would be appropriate. None of those reasons included an assertion that Mr. Pekich was now incapacitated.

At trial Mrs. Pekich did not seek sole custody of the children. Mr. Pekich seeks reimbursement for the portion of attorneys' fees he has expended in defending Mrs. Pekich's request in her cross-bill of complaint for sole custody.

Upon consideration of all the circumstances of this case, Mr. Pekich's request for attorney's fees is denied. An order to that effect noting Mr. Pekich's exception is enclosed.

When the parties present a Final Decree in Chancery No. 153879, a Final Decree dismissing Chancery No. 151990 shall also be presented.

### Decree Denying Request for Attorney's Fees

The parties came before this Court on April 22, 1999, on various motions, including complainant's request for attorney's fees. That request was taken under advisement. Upon due consideration, it is hereby decreed that complainant's request for attorney's fees is denied. Complainant's exception to this ruling is preserved.

July 9, 1999

I am writing in response to the letter of June 4, 1999. Although I do not typically provide counsel or parties with a further explanation of rulings, I find Mr. Pekich's request for further explanation of my ruling to be a reasonable one.

Mr. and Ms. Pekich entered into a property settlement agreement providing for joint legal custody, and further providing that neither party would seek sole legal custody at any time unless the other party was incapacitated and unable to properly care for the children. I find that provision of the property settlement agreement to be unenforceable. Parties in a divorce may reach an agreement as to matters affecting themselves and may limit a court's authority to modify that agreement. See e.g., *Pendleton v. Pendleton*, 22 Va. App. 503, 506-07, 471 S.E.2d 783 (1996) (limiting judicial authority to modify spousal support agreement). In contrast, agreements by divorcing spouses as to their children are not always enforceable. For example, parties may not by contract limit their child support responsibility or court's authority to determine child support. See *Featherstone v. Brooks*, 220 Va. 443, 446, 258 S.E.2d 513 (1979). Similarly, "recognition of the potential conflict between the interests of parents and their children in custody cases has been firmly established in Virginia law and is the basis for the rule that a contractual agreement between parents as to custody is not binding upon our courts." *Verrocchio v. Verrocchio*, 16 Va. App. 314, 317, 429 S.E.2d 482 (1993).

In the instant case, there are many reasons why a change of custody might be warranted despite the fact that neither spouse had become incapacitated. For example, if either spouse had abused the children, that would clearly be a basis for consideration of change of custody despite the fact that the abusing spouse was not incapacitated. I certainly recognize that no such allegation arose here, but I use it as an example of why courts retain authority over custody issues despite the agreement of divorcing parents. In light of the claims made by Ms. Pekich in her interrogatory answer, and despite the fact that she did not pursue them at trial, I did not find that an award of attorney's fees was justified even though no claim of incapacity was raised.