**Richmond**

## THOMAS SIDNEY HOLLOWELL, SR.

v.

## VIVIAN ANN McCREARY HOLLOWELL

No. 0361-87-1

Decided June 7, 1988

418

COUNSEL

Richard S. McLellon, for appellant.

John E. Zydron (Bryan and Zydron, on brief), for appellee.

OPINION

**COLE, J.** — Upon the wife's motion to reconsider the amount of spousal support awarded to her in a final divorce decree based upon a change in circumstances, the trial court increased her spousal support to $300 monthly. The trial court further held that post-marital misconduct is not relevant to the issue of a modification of spousal support.

On appeal, the husband raises three issues: (1) whether the court should have terminated spousal support because the wife lived in a common law relationship after entry of the final decree; (2) whether the court should have terminated spousal support because the wife lived and cohabited with men after entry of the final decree;[1] and (3) whether the court erred in not requiring witnesses to answer inquiries as to their sexual relations and allowing them to invoke their privilege against self-incrimination when the statute of limitations had run on misdemeanors.

---

[1] In the first issue the husband asserted that the wife had entered into a common law marriage (not recognized in Virginia) and in the second that she had cohabited with other men.

 The wife was originally granted a no fault divorce and awarded one dollar annually for support and maintenance. Thereafter, because of a disability, she petitioned for an increase in support. Having found material changes in the circumstances of the parties, the trial court was required to evaluate whether those changes in circumstances justified a modification in spousal support "as the circumstances may make proper." Code § 20-109. "Allowance of periodic payments for support and maintenance is made upon the basis of the circumstances disclosed by the evidence at the time of the award." *Thomas v. Thomas*, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976). Where changed circumstances are demonstrated, the court has continuing jurisdiction to increase, decrease or terminate such an award upon the petition of either spouse. *Id.* at 505, 229 S.E.2d at 890. "If circumstances change and the wife's needs become greater in the future, the court has continuing jurisdiction to make a modification as the circumstances warrant at that time." *Lapidus v. Lapidus*, 226 Va. 575, 583, 311 S.E.2d 786, 789 (1984).

 Interpreting a statute similar to ours, the Court of Appeals of North Carolina has held that "changed circumstances" must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay. The term has no relevance to the post-marital conduct of either party. *Stallings v. Stallings*, 36 N.C. App. 643, 645, 244 S.E.2d 494, 495 (1978). The right to spousal support is terminated only by death of either party or remarriage of the dependent spouse, or a change in the financial status of the parties such that support is no longer needed or can no longer be paid. Code § 20-109. Had the legislature intended misconduct or illicit cohabitation to terminate spousal support, it could have so provided as it did with death and remarriage. We hold that, other than death or remarriage, the "circumstances" which make "proper" an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones.

Further, the trial court properly ruled on the witnesses' right to invoke the fifth amendment. The wife presently was living with a man and therefore recent nonmarital sexual activity would not be barred by the one year statute of limitations. In addition, the evidence was irrelevant in view of the holding above.

For the reasons stated, we affirm the decision of the trial court.

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.