COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Bray and Senior Judge Hodges

FREDERICK ADDENBROOK HAYCOX, III

v.    Record No. 1709-94-1                    MEMORANDUM OPINION[*]
                                              PER CURIAM
SUE ANN CAREY HAYCOX                          MAY 2, 1995

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Jerome B. Friedman, Judge

(Moody E. Stallings, Jr.; Kevin E. Martin-Gayle;
Stallings & Richardson, on brief), for appellant.

(Debra C. Albiston; Jerrold G. Weinberg; Weinberg &
Stein, on brief), for appellee.


        Frederick Addenbrook Haycox, III (husband) appeals the
decision of the circuit court denying his request for a reduction
in the monthly spousal support he pays to Sue Ann Carey Haycox
(wife).  Husband's issues can be summarized as follows:  (1)
whether the trial court erred in applying Code § 20-107.1 to the
facts of this case; and (2) whether the trial court erred in
denying husband's request to reduce spousal support payments, in
light of wife's increased earning capacity.  Upon reviewing the
record and briefs of the parties, we conclude that this appeal is
without merit.  Accordingly, we summarily affirm the decision of
the trial court.  Rule 5A:27.

        Code § 20-109 provides that "[u]pon petition of either party
the court may increase, decrease or terminate spousal support and

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

maintenance that may hereafter accrue . . . as the circumstances may make proper."  "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  "[T]he 'circumstances' which make 'proper' [a] . . . reduction . . . of spousal support under Code § 20-109 are financial and economic ones."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).

Husband sought to reduce wife's spousal support on the bases of wife's increased income and her increased ability to earn income through wife's newly-acquired real estate licenses.  The trial court found, however, that "there is simply not sufficient evidence to reduce her spousal support."  The evidence demonstrated that wife's overall financial situation had not changed substantially since the time the original support order had been entered.  Some income sources had stopped while others had begun.  In addition, while wife testified she was working full time as a real estate agent, she had gross income of $1,100 from her employment in 1993 and had earned $438 in 1994 prior to the hearing.

On appeal, "[w]e will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence in the record to support it.'"  Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation

2

omitted).  We cannot say the trial court's denial of husband's petition was plainly wrong or without supporting evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>