COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

GREGORY P. STONEMAN

v.   Record No. 0943-95-2                      MEMORANDUM OPINION[*]
                                                  PER CURIAM
VICKIE A. STONEMAN                            DECEMBER 5, 1995

                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        George F. Tidey, Judge

                (Carl J. Witmeyer, II; Frank G. Uvanni;
                Chalkley & Witmeyer, on brief), for
                appellant.

                (Deanna D. Cook; Bremner & Janus, on brief),
                for appellee.


     Gregory P. Stoneman (husband) appeals the decision of the
circuit court denying his motion for a reduction in his spousal
support payments to Vickie A. Stoneman (wife).  Husband's appeal
raises the following issues:  (1) whether the trial judge erred
in failing to consider the equitable distribution award when he
awarded spousal support; (2) whether the trial judge erred by not
considering wife's ability to support herself; and (3) whether
the trial judge erred in not considering wife's changed expenses
following the equitable distribution award as a material change
in circumstances warranting a reduction in spousal support.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the circuit court's decision.  Rule 5A:27.

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Error in the Initial Spousal Support Amount

This current proceeding began when husband filed a motion to reduce spousal support because of a material change in circumstances. He filed the motion a month after the final decree set the amount of spousal support. Husband did not appeal the final decree. Husband now alleges that the trial judge failed to consider the effect of the equitable distribution award before awarding spousal support to wife.

Code § 8.01-675.3 requires a notice of appeal to be filed "within thirty days from the date of any final judgment order, decree or conviction." Rule 5A:6 also provides that "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal." Rule 5A:6(a).

The trial judge's initial finding of the proper amount of spousal support became res judicata when husband did not appeal that decree to this Court. Hall v. Hall, 9 Va. App. 426, 428, 388 S.E.2d 660, 670 (1990). Thus, husband has waived his right to appeal any alleged errors in that initial decision. Therefore, allegations of error in the initial award of spousal support are not properly raised in this appeal and will not be considered.

## Material Change in Circumstances

Code § 20-109 provides that "[u]pon petition of either party the court may increase, decrease or terminate spousal support and

maintenance that may thereafter accrue . . . as the circumstances may make proper."  To obtain relief pursuant to Code § 20-109, "[t]he moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  "[T]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).

Husband alleges that the trial judge erred by failing to consider wife's ability to support herself.  To the extent husband seeks a review of the initial support decision, that argument is barred, as we have stated, by Rule 5A:6(a).  However, husband also phrases a portion of his argument as a material change in wife's circumstances.  We will address the question in that light.

Husband argued in the trial court that wife used the equitable distribution award to reduce her expenses and then unjustifiably increased her expenses.  He contended that her actions constituted a material change in circumstances warranting a reduction in spousal support.  The trial judge found insufficient evidence of a material change in circumstances.  We agree.

Pursuant to the terms of the equitable distribution decree,

3

husband paid $48,000 to wife at the time of the decree. Husband also was required to pay wife $252,000, plus interest, payable at the rate of $75,000 a year. With these funds, wife was able to adjust her expenses. Wife testified that she had paid or was paying her outstanding credit card debts. Wife also expended large sums on home repairs.

Credible evidence supports the trial judge's finding that no material change in circumstances had occurred after the initial spousal support determination. As noted by the trial judge, wife "has used some of her assets to adjust her monthly expenses." We agree that wife's use of her share of the marital property "should not inure to [husband's] benefit."

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4