## CIRCUIT COURT OF FAIRFAX COUNTY

Daneshmandi

v.

Howard Cornn

January 16, 1996

Case No. (Chancery) 113535

BY JUDGE ARTHUR B. VIEREGG, JR.

On December 1, 1995, Defendant Howard Cornn's Motion to Terminate Spousal Support came before this Court. Mr. Cornn and his counsel were present. Neither complainant, Ms. Daneshmandi, nor her counsel appeared.

The parties were lawfully married on August 23, 1976, in Teheran, Iran. On May 31, 1991, this court entered a Final Decree of Divorce. It required Mr. Cornn to pay Ms. Daneshmandi spousal support in the amount of $150.00 per month. Since April 27, 1992, Ms. Daneshmandi's whereabouts have been unknown to Mr. Cornn. As a result, Mr. Cornn has been depositing the spousal support payments into an escrow account. Mr. Cornn is disabled and living on a fixed income. Since the entry of Final Decree of Divorce, Mr. Cornn's expenses have increased. He is no longer able to pay the spousal support ordered. He caused this case to be reopened in accordance with § 20-112 of the Virginia Code. He now seeks to terminate his spousal support obligation. On November 16, 1995, Mr. Cornn filed this motion with the court after publicizing notice of the hearing in accordance with § 8.01-316.

I took this matter under advisement after reviewing Mr. Cornn's testimony and argument by his counsel. I must decide two issues. First, did Ms. Daneshmandi receive appropriate notice of the December 1, 1995, hearing? Second, if so, is Mr. Cornn entitled to terminate spousal support payments?

■■■■■■■■■■

## The Notice Issue

The starting point to evaluate the sufficiency of Mr. Cornn's publication notice to Ms. Daneshmandi is § 20-112 of the Virginia Code. It prescribes the type of notice that must be given when divorce and spousal support proceedings are reopened. It provides:

> [w]hen the proceedings are reopened to . . . terminate maintenance and support for a spouse . . . the petitioning party shall give such notice to the other party by service of process or by order of publication *as is required by law.*

Va. Code Ann. § 20-112 (Michie 1995) (emphasis added).

It is apparent that the *italicized* phrase, "as is required by law," refers to other parts of the Code of Virginia. The pivotal question then is whether it refers to other Code sections which address *whether* service by order of publication is appropriate or to those Code sections prescribing *how* such service by order of publication is to be effectuated. If the former, this court would be confronted by Virginia Code § 20-99 which, *inter alia*, prescribes how divorce suits are instituted and conducted. Although § 20-99 authorizes service of process and notice by personal or substituted service under Virginia Code § 8.01-296, it does not authorize service by order of publication. Therefore, Mr. Cornn's service would be invalid. If the latter, however, this court would simply be required to ensure that Mr. Cornn followed the procedure prescribed in Virginia Code § 8.01-316, which sets forth the procedure to effectuate service by order of publication.

In construing a statute, a court should seek to discover the legislature's intention from the statute's language when read in light of other statutes relating to the same subject matter. *Bunts Engineering & Equip. Co. v. Palmer,* 169 Va. 206, 209-10 (1937). Statutes which are *in pari materia* should be read and construed together with a view toward harmonizing and giving effect to all provisions of each. *ACB Trucking, Inc. v. Griffin,* 5 Va. App. 542, 547-48 (1988). However, when one statute speaks to a subject in a general way and another deals with part of the same subject in a more specific manner, in the case of a conflict, the more specific statute must be deemed to apply.

In the instant case, Virginia Code §§ 20-99 and 20-112 relate to the same subject matter -- the type of notice to be given in domestic relations cases. Section 20-99 is a statutory provision which generally governs how domestic relations suits are to be instituted and conducted. Section 20-112, on the other hand, is a narrowly tailored statute which specifies the type of

notice required when domestic relations proceedings are reopened. Since § 20-112 expressly recognizes service by publication, and since service by publication is not otherwise appropriate in a divorce action under § 20-99, the General Assembly must have intended the "as is required by law" language to refer to *how* service by order of publication must be effectuated.

Furthermore, where a phrase or sentence is subject to different interpretations, the court should examine the statute as a whole to ascertain the legislative intent as manifested by its different provisions. *Harris v. Commonwealth*, 142 Va. 620, 625 (1925). If an interpretation can be reached, which is consistent with the language used and which will effect the object sought to be accomplished by the statute, that interpretation should be adopted in preference to one which would be equally consistent with the language used on its face but which would tend to defeat the manifest intention of the legislature. *Id.* The General Assembly intended to permit service by order of publication when divorce or spousal support proceedings are reopened since it was specifically authorized in the statute. Therefore, this Court concludes that service by order of publication is permitted in accordance with § 20-112 of the Virginia Code when proceedings are reopened to modify support payments.

### Termination of Spousal Support

Virginia Code § 20-109 provides that "upon petition of either party, the court may increase, decrease, or terminate spousal support and maintenance that may hereafter accrue . . . as the circumstances may make proper." Va. Code Ann. § 20-109 (Michie 1995). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." *Schoenwetter v. Schoenwetter*, 8 Va. App. 601, 605 (1989). "The 'circumstances' which make 'proper' an increase, reduction, or cessation of spousal support under Code § 20-109 are financial and economic ones." *Hollowell v. Hollowell*, 6 Va. App. 417, 419 (1988).

In the present case, Mr. Cornn testified that he is disabled and living on a fixed income. Since the date of entry of the Final Decree of Divorce, this court heard *ore tenus* evidence that Mr. Cornn's expenses have increased, and he is unable to continue to pay spousal support. In addition, despite extensive attempts to contact her, Mr. Cornn has been unable to determine Ms. Daneshmandi's whereabouts since April 27, 1992. Moreover, Ms.

Daneshmandi has made no effort to contact Mr. Cornn to collect payments of spousal support since April, 1992.

This court finds that there has been a substantial change of circumstances since the entry of the parties' Final Decree of Divorce on May 31, 1991. As a result, it is ordered that Mr. Cornn's obligation to pay spousal support is hereby reduced to one dollar per year.