COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DEBRA R. SUTHERLAND
                                          MEMORANDUM OPINION[*]
v.   Record No. 0943-96-3                     PER CURIAM
                                          NOVEMBER 26, 1996
DENNIS B. SUTHERLAND


              FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                     Charles H. Smith, Jr., Judge

              (Carl E. McAfee, on brief), for appellant.

              (R. Wayne Austin; Johnson, Scyphers & Austin,
              on brief), for appellee.



     Debra R. Sutherland (wife) appeals the decision of the

circuit court reducing the monthly spousal support paid by

Dennis B. Sutherland (husband).  Wife contends that there was

insufficient evidence to establish a substantial change in

circumstances warranting a reduction in spousal support and that

the trial court abused its discretion in ordering a reduction.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

     Code § 20-109 provides that "[u]pon petition of either party

the court may increase, decrease, or terminate spousal support

and maintenance that may thereafter accrue . . . as the

circumstances may make proper."  "The moving party in a petition

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "[T]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).

The sole change in circumstances since the time of the previous hearing was that wife began working part-time. At the time of these trial court proceedings, wife worked twenty to thirty hours per week and earned approximately $210 per week. Husband's earnings and expenses had not changed. We cannot say the trial court erred in ruling that wife's increased income of approximately $800 a month was a material change in circumstances.

The trial court then determined that wife's increased monthly income justified a reduction in husband's spousal support. At the time of the previous hearing, wife was recovering from surgery and was not employed. She was not employed at the time of the parties' divorce, although she testified that she was sporadically employed. While her new employment was part-time, wife indicated that she was "not actively seeking additional employment, . . . [had] no job application pending for any additional work, nor [was] she

seeking additional income at this time."  Based upon the evidence of an increase in wife's income, we cannot say the trial court abused its discretion by reducing wife's monthly spousal support by $200.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>