COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


EUGENE C. COOK
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0811-96-4     JUDGE RICHARD S. BRAY
                                        APRIL 22, 1997
HELEN M. COOK


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Alfred D. Swersky, Judge

            Beth A. Bittel (Condo & Masterman, P.C., on
            briefs), for appellant.

            Heather A. Cooper (Marcia M. Maddox; Law
            Office of Marcia M. Maddox, on brief), for
            appellee.


     Eugene C. Cook (husband) appeals from the trial court's

refusal to grant his petition for reduction of spousal support to

his former wife, Helen M. Cook (wife).  Husband complains that

the court erroneously concluded that he failed to prove a

material change in circumstances which justified relief.  Wife

contends, on cross-appeal, that the trial court erred in denying

her attorney's fees from husband related to these proceedings.

For the reasons that follow, we affirm the denial of attorney's

fees, but reverse the finding that husband did not prove a

material change in circumstances, remanding to the trial court

for consideration of attendant spousal support.

     The parties are fully conversant with the record, and this

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

memorandum opinion recites only those facts necessary to a disposition of the appeal.

SPOUSAL SUPPORT

Code § 20-109 provides that "[u]pon petition of either party the court may increase, decrease, or terminate spousal support and maintenance that may thereafter accrue . . . as the circumstances may make proper."  "The moving party in a petition for modification of support is required to prove both [that] a material change in circumstances [has occurred since the last award] and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  "[T]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).

The original spousal support payable by husband to wife was ordered by the trial court on December 31, 1992.  Husband was then earning an average monthly income of $6,022.62, exclusive of an automobile expense allowance.  At the time of the October 1995 hearing on husband's instant petition for a decrease, he reported monthly income of $2,923, also excluding an automobile allowance.  Manifestly, such evidence indicates that husband's income had diminished approximately $3,100 per month, a substantial change in circumstances.

Wife, nevertheless, contends that this loss of income did

- 2 -

not warrant a modification of support because other financial resources were available to husband. In support of this argument, wife characterizes a $30,000 cash asset of City Mortgage Corporation as severance pay to husband and, thus, income to him in 1995. Although the trial court did not expressly classify the $30,000 as income to husband, the court's colloquy with counsel reflects this conclusion.

However, the evidence establishes that these monies were a "working asset[]" of City Mortgage Corporation, necessary to satisfy "operating expenses." It is uncontroverted that within several months following acquisition of husband's interest in the corporation, this asset had been reduced to $22,244.64 for corporate purposes. Moreover, the record discloses that the FHA required City Mortgage to establish an equity of $250,000 to continue certain of its significant business activities. Thus, the $30,000 was clearly indispensable to the economic vitality and attendant production of income by City Mortgage, a portion of which provided husband's monthly salary. By classifying these funds as severance pay to husband, the trial court attributed as income to husband monies which were fully utilized in the production of his salary. Husband cannot at once enjoy the benefit of such funds through corporate income and personally access and expend those same funds, without incurring a concomitant loss.

Accordingly, we reverse the trial court's finding that

husband failed to prove a material change in circumstances which warranted a modification of support.

ATTORNEY'S FEES

We are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Under the instant circumstances, we cannot conclude that the trial court abused its discretion in denying wife's request. We, likewise, deny wife's request for an award of attorney's fees related to this appeal.

Accordingly, we affirm the trial court's denial of attorney's fees, reverse its finding that husband did not prove a material change in circumstances which justified a change in support, and remand to the trial court for reconsideration of husband's petition consistent with this opinion.

Affirmed in part,<br>reversed in part,<br>and remanded.