COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Overton
Argued at Salem, Virginia


JUDY POWELL GREENE

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0218-97-3          JUDGE JOSEPH E. BAKER
                                           JANUARY 27, 1998
TERRY LEE POWELL


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                      George E. Honts, III, Judge

          James V. Doss, III, for appellant.

          Andrew G. Mauck (Mays & Valentine, on brief),
          for appellee.



     Judy Powell Greene (wife) appeals from a decree of the

Circuit Court of Rockbridge County (trial court) that suspended

the obligation of Terry L. Powell (husband) to pay her spousal

support.  Wife contends that the trial court erroneously failed

to consider her medical and rehabilitative evidence and

erroneously based its decision on the fact that she was

cohabiting with her boyfriend.  Finding no error, we affirm the

judgment of the trial court.

     In our review of the issues, we do not have the benefit of a

transcript of the various hearings held on motion of the parties.

 In lieu thereof, we have a certified statement of facts.  As the

parties are conversant with the record, we reference only those

matters necessary to an understanding of this opinion.  Upon

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

familiar principles, we view the facts in the light most favorable to the prevailing party below.

The parties married on July 11, 1970 and were divorced by a decree entered on March 30, 1994. That decree incorporated a property settlement agreement (PSA) which provided, in relevant part, that husband would pay wife $1,400 monthly spousal support subject to the following:

> The parties acknowledge that this amount was agreed upon in the expectation that Wife would obtain employment (although she is not at present employed) at the best wage level available to her and that Wife's obtaining of such a job would not in itself be grounds for modification thereof. The parties further agree that this support amount may be modified from time to time, upon application of either party to a court of appropriate jurisdiction, and upon proper showing of the moving party therein.

By motion filed May 24, 1996, husband sought to reduce or terminate spousal support paid to wife. After a hearing on husband's motion, the trial court reduced the spousal support to $1,000 per month, ordered husband to pay $200 monthly on a previously adjudicated arrearage of $2,237.27, and ordered wife to submit evidence that she was engaged in rehabilitative counseling. The written statement in lieu of a transcript does not disclose the necessity for further counseling. The court also ordered the parties to appear in December 1996 for review. At the December hearing, the court ordered husband to pay monthly spousal support of $500 for January through March 1997, after which time support was suspended.

- 2 -

A judgment of the trial court is presumed correct and will not be set aside on the ground that it is contrary to the evidence unless it appears that such judgment is plainly wrong or without evidence to support it. See Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986); Code § 8.01-680. "The burden is upon the party appealing to point out the error in the decree and to show how and why it is wrong." Broom v. Broom, 15 Va. App. 497, 503, 425 S.E.2d 90, 94 (1992). On review, "the decision of the trial judge is peculiarly entitled to respect[,] for he saw the parties, heard the witnesses testify and was in closer touch with the situation than [the appellate court], which is limited to a review of the written record." Brown v. Brown, 218 Va. 196, 200, 237 S.E.2d 89, 92 (1977).

Wife argues that the trial court erred when it suspended her spousal support despite the evidence of her medical and rehabilitative conditions. We find no error on the part of the trial court based upon the record presented to us on appeal. Although the certified statement of facts in lieu of a transcript notes that wife presented evidence of her medical and rehabilitative conditions, the statement includes no details from which we can hold that the trial court was plainly wrong.

Wife further argues that, under the parties' agreement, the sole criterion for establishing the level of spousal support was wife's employment. We disagree. We read the agreement to require nothing more than evidence otherwise sufficient to

- 3 -

establish changed circumstances warranting a modification of support.

Finally, wife appears to contend that the trial court based its decision solely on the ground that she lives with a man who is not her husband. Citing Hollowell v. Hollowell, 6 Va. App. 417, 369 S.E.2d 451 (1988), she asserts that the trial court erred when it so limited its decision. We again disagree. In Hollowell, the sole evidence given by the husband to support his motion to end his spousal support obligation was alleged misconduct of the wife. The wife's misconduct, not economic factors, was the basis offered in Hollowell to justify the termination of support. Here, because of the limited nature of the factual record on appeal, we cannot say that the trial court's decision was based upon misconduct rather than economic factors. The evidence indicated that wife's economic intertwining with her new partner impacted her need for continued support from husband. Wife testified that her boyfriend was gainfully employed and contributed to their "joint living expenses." She added that "except for a marriage license, the relationship enjoyed by [wife] and her boyfriend was 'husband and wife.'" The statement of facts fails to show the dollar amounts of the joint living expenses. By failing to show that the trial court's decision was clearly wrong for economic reasons or was based upon an improper factor such as wife's misconduct, wife has not met her burden to prove its decision must be reversed.

Accordingly, because wife has failed to meet her burden to show that the trial court's decision was plainly wrong, for the reasons stated, its judgment is affirmed.

Affirmed.
