COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


ROBERT E. YOUNG, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2380-99-4         JUDGE LARRY G. ELDER
                                         APRIL 4, 2000
MARY PATRICIA YOUNG


             FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   Carleton Penn, Judge Designate

           Julia S. Savage (Walker, Jones, Lawrence,
           Duggan & Savage, P.C., on briefs), for
           appellant.

           Robin C. Gulick (Robin C. Gulick, P.C., on
           brief), for appellee.


     Robert E. Young, Jr., (husband) appeals from a decision of

the Fauquier County Circuit Court (trial court) denying his

request for a reduction in spousal support payments to Mary

Patricia Young (wife), his former wife.  On appeal, husband

contends the trial court erroneously (1) excluded his testimony

about wife's education, employment history and marketable

skills; (2) granted wife's motion to strike at the conclusion of

husband's evidence; and (3) awarded wife attorney's fees.  We

hold the trial court erroneously excluded husband's testimony

and applied the improper standard in ruling on the motion to

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

strike.  Therefore, we reverse and vacate the ruling of the trial court on all issues and remand for further proceedings consistent with this opinion.

The parties separated after twenty years of marriage and entered into a spousal support and property settlement agreement on July 24, 1996.  The final decree of divorce, entered August 12, 1996, affirmed, ratified and incorporated the parties' agreement and paraphrased the terms relating to spousal support, providing as follows:

> [Husband] shall pay to [wife], as maintenance and support, the sum of $5,875.00 per month . . . .  Said maintenance and support payments shall terminate upon the death of either party or Wife's remarriage, whichever event occurs first.  Wife and Husband reserve the right to petition a court of competent jurisdiction to modify the amount of maintenance and support based upon a significant change of financial circumstances of either party.

At the hearing on husband's request for a modification of support, husband testified and offered evidence from a vocational expert about husband's decrease in earning capacity and wife's increase in earning capacity.  On wife's motion to strike husband's evidence, the trial court ruled husband "failed to meet the burden of showing a material change in circumstances by a preponderance of the evidence" because he bore the risk of income reduction that came with his job change.  The trial court expressly did not reach the issue of wife's employability,

-

holding that husband was obliged to pay support under the terms of the parties' agreement and "there's no condition set out in [the relevant portion of the agreement] that would require her to seek employment if he voluntarily reduced his income."  The court then granted wife's request to require husband to pay her attorney's fees.

In ruling on a motion to strike at the end of a plaintiff's evidence,

> the trial court [must] accept as true all the evidence favorable to the plaintiff as well as any reasonable inference a jury might draw therefrom which would sustain the plaintiff's cause of action.  The trial court is not to judge the weight and credibility of the evidence, and may not reject any inference from the evidence favorable to the plaintiff unless it would defy logic and common sense.

Austin v. Shoney's, Inc., 254 Va. 134, 138, 486 S.E.2d 285, 287 (1997).  This same standard applies to an appellate court's review of a trial court's decision to strike the evidence in a bench trial.  See Claycomb v. Didawick, 256 Va. 332, 335, 505 S.E.2d 202, 204 (1998).

When a trial court determines the amount of spousal support to be paid pursuant to Code § 20-107.1, the court retains the power to modify the award of support.  See Code § 20-109.  A party requesting modification must prove a material change in circumstances that warrants modification of support.  See Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).  The

-

material change "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). "Spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's ability to pay." Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985). A spouse seeking support "is obligated to earn as much as he or she reasonably can to reduce the amount of the support needed." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). This requirement flows from the language of Code § 20-107.1, which "directs the trial court to consider . . . the earning capacity of the 'parties.'" Srinivasan, 10 Va. App. at 734, 396 S.E.2d at 679.

Here, the parties agreed on the amount of spousal support and did not ask the trial court to make a determination pursuant to Code § 20-107.1. Although any modifications to the spousal support upon which the parties agreed must be made in compliance with the agreement, see Code § 20-109, the relevant terms of the parties' agreement here are in keeping with the law which applies in the absence of an agreement. Both permit modification on a "significant" or "material" change in the financial circumstances of either party.

-

Under the terms of the parties' agreement, we hold the trial court erred in granting wife's motion to strike husband's evidence.  First, the trial court erroneously determined that wife had no duty under the parties' agreement to seek employment.  Although no express provision of the agreement required wife to seek employment, the agreement specifically permits modification upon a change in the financial circumstances of either party.  Evidence that wife was able to work and earn an income and that she was unable to do so at the time the parties executed the agreement would establish a change in circumstances.  See Pellegrin v. Pellegrin, __ Va. App. ___, ___, ___ S.E.2d ___, ___ (2000) (holding that parties' agreement upon divorce, under which husband was obligated to pay tuition for wife's education and was entitled to a reduction in spousal support payments to wife if she attained a certain level of income, contained implicit requirement that wife would make reasonable effort to obtain employment).

On wife's motion to strike, the trial court was required to view the evidence and all reasonable inferences therefrom in the light most favorable to husband.[1]  So viewed, the evidence supported a finding that at the time the parties signed the separation agreement, wife was a recovering alcoholic who was unable to work "because of her rehabilitation program and her

_____

[1] Of course, the trial court would be free to make a contrary finding after hearing all the evidence.

-

admissions for alcoholism."  Wife underwent eight

hospitalizations for her alcoholism between 1992 and 1995 and

attended up to three Alcoholics Anonymous meetings each day.

Husband's vocational expert testified that wife's history of

repeated hospitalization could have affected her employability

after only one year of sobriety.  In contrast, the evidence

established that at the time of the hearing on husband's request

to reduce spousal support, wife was immediately employable in

the Warrenton area in a variety of different positions and had

an initial annual earning capacity of $15,600 to $17,690.  This

evidence required the trial court to deny wife's motion to

strike.

We hold the trial court also erred in concluding husband's

evidence, viewed in the light most favorable to husband, failed

to prove a material change in circumstances as to his own

earning capacity.[2]  So viewed, the evidence supported a finding

that when the parties executed the settlement agreement,

husband's last full year of income from his medical practice in

1995 was $366,000--$352,000 in earned income and the remainder

from rental of the practice's office building--and that his

income at the time of the settlement agreement in 1996 was on

track with his 1995 earnings.  His job-earned income for all of

---

[2] Again, the trial court would have been within its authority to reach these conclusions after hearing all the evidence.

-

1996, while he was still in private practice in Warrenton, was $265,000, a reduction of $87,000 from the previous year. This was also a reduction of $65,000 from the 1993-to-1995 average of $330,000. Husband testified that this decline resulted from an increase in competition among area obstetricians, changes in healthcare reimbursement rates and various other causes, and was one of several factors motivating his departure from the practice and his move to Michigan. After his arrival in Michigan, his income decreased further due in part to changes in federal law for medicaid reimbursement. Husband's vocational expert testified that the average income range in Adrian, Michigan, for obstetricians of husband's level of experience was comparable to or greater than the average income range in Warrenton, Virginia. By the time of the hearing on husband's request for modification of support, husband's salary had decreased to $200,000 per year.

In granting the motion to strike, the trial court relied on husband's income tax returns which showed an increase rather than a decrease in his gross income between 1996 and the time of the hearing. However, husband testified that some of the income reflected on his tax returns resulted from the tax consequences to him from carrying out certain requirements of the parties' property settlement. Wife rather than husband received a portion of the funds on which husband was taxed, thereby artificially inflating the annual income listed on husband's tax

-

returns.  Also, other non-salary portions of his income resulted from the forced sale of assets he received in the equitable distribution, which could not be counted in their entirety as income to him.  See Barker v. Barker, 27 Va. App. 519, 529-30, 500 S.E.2d 240, 245 (1998) (holding that earnings on assets received in equitable distribution must be considered in determining spousal support but that it is error to consider assets themselves as income).

Therefore, the evidence, viewed in the light most favorable to husband, supported a finding that wife's earning capacity had increased materially and that husband's earning capacity had decreased materially, through no fault of his own, since the parties entered into the spousal support agreement.  For these reasons, we hold the trial court committed reversible error in granting wife's motion to strike.

Husband also contends the trial court erroneously excluded portions of his testimony on wife's employment history and marketable skills.  We agree.  A trial court's refusal to admit evidence is reversible upon a showing of an abuse of discretion.  See Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).  As set out above, wife's ability to earn an income was relevant to establishing whether a material change in circumstances justifying a modification of support had occurred since the parties executed the property settlement agreement and, if so, in determining wife's current earning capacity.  See

-

_Srinivasan_, 10 Va. App. at 734, 396 S.E.2d at 679; _Hollowell_, 6 Va. App. at 419, 369 S.E.2d at 452. Any marketable skills and abilities wife demonstrated during the marriage, absent evidence she no longer possessed those skills or abilities, were probative of her earning capacity at the time of the hearing. Therefore, the trial court abused its discretion in excluding husband's testimony on wife's ability to quilt and smock and her successful operation of a horse training business.

Husband also challenges the trial court's award of attorney's fees to wife. Because we reverse and vacate the trial court's ruling on wife's motion to strike, we also vacate the award of attorney's fees.[3]

For these reasons, we hold the trial court erroneously excluded husband's testimony and applied the improper standard in ruling on the motion to strike. Therefore, we reverse and vacate the ruling of the trial court on all challenged issues and remand for further proceedings consistent with this opinion.

_Reversed, vacated and remanded._

---

[3] This ruling does not preclude the court from entertaining another request for attorney's fees if wife prevails on remand following a hearing on all the evidence.