## CIRCUIT COURT OF FAIRFAX COUNTY

David Feinberg

v.

Norma St. John Hollister

April 13, 2004

Case No. (Chancery) 73551

By Judge Robert W. Wooldridge, Jr.

This matter came before me on March 19, 2004, on Complainant, David Feinberg ("Husband")'s, motion to compel discovery responses from Norma St. John Hollister ("Wife"). Resolution of that motion requires this Court to consider two issues: (1) If Wife is living in a relationship analogous to marriage, might that fact alone be a grounds to modify support in light of 1(a), 1(c), and 1(e) of the Second Amendment to the property settlement agreement?; and (2) If not, should Husband be allowed to explore whether the fact that Wife is living in a relationship analogous to marriage may provide recognized "changed circumstances," e.g. increased financial support? For the reasons stated below, the motion to compel is granted.

### Facts

The parties were married on January 30, 1965, and divorced on March 3, 1982. There were four children born to the marriage, the youngest of them is now thirty years old. Prior to entry of the final decree of divorce, the parties entered into a property settlement agreement ("PSA") that provided for the payment of child and spousal support. Pursuant to that PSA, Husband was to pay Wife, as maintenance for herself and the children, for so long as they

both live or she remains unmarried, the sum of $25,000 per year. Further, the child and spousal support provision of the PSA provided that "the parties specifically reserve the right to petition the Circuit Court of Fairfax County or other Court of competent jurisdiction for a change in the amount of payments set forth herein based on changed circumstances of the parties at any time after July 1, 1982." The PSA was incorporated into the final decree of divorce.

On May 30, 1989, this Court, upon motion of the parties, entered a "Supplemental Final Decree of Divorce" ("Decree"), which incorporated, but did not merge, the parties' September 9, 1983, First Amendment to the PSA and the April 3, 1989, Second Amendment to the PSA. Pursuant to those amendments, Husband agreed to pay to Wife, as support and maintenance for her and the children, so long as Husband and Wife live and for so long as Wife remains unmarried, the sum of $2,500 per month. After the youngest child became emancipated, the Second Amendment provided that the support would be reduced to $1,400 per month, but that reduction was without prejudice to the parties' rights to petition the Court for a modification in spousal support.

## Discussion

On March 5, 2004, Husband filed a motion to modify spousal support. According to the motion for modification, "certain material circumstances have changed that warrant a modification of Complainant's spousal support obligation to Defendant." The alleged changes in material circumstances include, but are not limited to, Wife's "continuous and exclusive romantic relationship with her 'life partner,' Robert Pitts." Husband, based on investigation of the relationship between Wife and Pitts, alleges that Pitts provides financial support and other economic benefits to Wife.

Husband now seeks to compel responses to three specific interrogatories. Interrogatory six asks for information regarding Wife's health insurance for the last fifteen years. Wife provided information for only the last three years. Interrogatory nine requests information regarding all of the places Wife has lived or received mail for the last fifteen years. Again, Wife provided information for the last three years. Interrogatory ten requested information regarding Wife's relationship with Pitts, including but not limited to, what support he has provided. Wife objects to interrogatory ten on the ground that it is irrelevant because the PSA provides for termination of spousal support only upon death or remarriage, not cohabitation in a relationship analogous to marriage.

At the time that the parties executed the Second Amendment to the PSA, Va. Code § 20-109 provided as follows:

> Upon petition of either party, the court may increase, decrease, or terminate spousal support and maintenance that may thereafter accrue, whether previously or hereafter. awarded, as the circumstances may make proper. *However, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract. Upon the death or remarriage of the spouse receiving support, spousal support shall terminate unless otherwise provided by stipulation or contract.* If such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.

(Emphasis added.)

In *Hollowell v. Hollowell*, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988), decided under the version of Va. Code § 20-109 at issue here, the Virginia Court of Appeals held that, "other than death or remarriage, the 'circumstances' which make 'proper' an increase, reduction, or cessation of spousal support under Code § 20-109 are financial and economic ones."

In a 1998 unpublished decision, *Greene v. Powell*, 1998 Va. App. LEXIS 46, the Virginia Court of Appeals affirmed the judgment of a trial court, which suspended the spousal support obligation of the Appellant's husband. Wife had argued that the trial court erroneously failed to consider her medical and rehabilitative evidence and (relying on *Hollowell*) erroneously based its decision on the fact that she was cohabitating with her boyfriend. In addressing the second issue, the Court of Appeals stated that:

> in *Hollowell*, the sole evidence given by the husband to support his motion to end his spousal support obligation was alleged misconduct of the wife. The wife's misconduct, not economic factors, was the basis offered in *Hollowell* to justify the termination of support. Here, because of the limited nature of the factual record on appeal, we cannot say that the trial court's decision was based upon misconduct rather than economic factors. The evidence

indicated that wife's economic intertwining with her new partner impacted her need for continued support from husband.

*Id.* 1998 Va. App. LEXIS 46 at *5. Wife failed to show that the trial court's decision was clearly wrong for economic reasons or was based upon an improper factor such as wife's misconduct. *Id.* 1998 Va. App. LEXIS at *5-6.

In *Hering v. Hering*, 48 Va. Cir. 440 (Keith, J., 1999), the trial court sustained the Wife's demurrer to Husband's petition to terminate spousal support based on the 1997 amendments to Va. Code § 20-109 because it found that applying the 1997 amendments to the parties' marital settlement agreement would be an unconstitutional impairment of contract. However, the trial court granted the Husband permission to amend his petition to allege that the spousal support provisions should be modified due to a change in circumstances as that was expressly permitted by the marital settlement agreement and not contrary to *Hollowell*. The trial court held that, "[*Hollowell*] holds only that cohabitation alone is not a change of circumstance warranting recalculation of spousal support. Here, Petitioner wishes to allege that as a result of her cohabitation, Hering's financial needs have changed. *Hollowell* does not preclude such a petition." *Id.* at 442. On appeal, the Court of Appeals affirmed the trial court's ruling regarding the retroactive application of the statutory amendments, but did not address the change in circumstances issue because the Husband never amended his petition to so allege. *Hering v. Hering*, 33 Va. App. 368, 533 S.E.2d 631 (2000). Also, see *Rubio v. Rubio*, 36 Va. App. 248, 549 S.E.2d 610 (2001), wherein the Court held that § 20-109 as amended did not apply retroactively to a contract that was incorporated, but not merged, into the final decree; and *Hamlin v. Hamlin*, 2001 Va. App. LEXIS 538, 2001 WL 1154458 (Va. App. 2001), wherein the Court held that the parties "Contract and Stipulation" providing for termination only upon death or remarriage precluded application of § 20-109(A) and precluded the taking of any evidence on the issue of cohabitation. But note that neither of these decisions dealt with modification of support as opposed to termination.

Here, the First and Second Amendments to the parties' PSA were incorporated into the May 30, 1989, Decree. Notably, the parties chose to expressly set forth in the Decree itself certain provisions of the Second Amendment. One such provision is 1(e), which deals with the intent of the parties regarding the tax implications of the First and Second Amendments. In the Second Amendment, the last sentence of 1(e) reads as follows:

> in the event that the laws and regulations should in the future be substantially changed so that their effect would be to make a provision or provisions hereof unforeseeably detrimental to one of the parties and beneficial to the other so as to substantially alter that original intent of this Second Amendment and the parties are unable to agree upon a mutually acceptable modification, the party aggrieved may apply to a Court of competent jurisdiction, and that Court may make such modification as will be consistent with the original intent of the parties.

However, the Decree references the terms of 1(e) and then sets forth the following in the "adjudged, ordered, and decreed" paragraph:

> in the event that the laws and regulations should in the future be substantially changed so that their effect would be to make a provision or provisions hereof *regarding the deductibility of spousal support* unforeseeably detrimental to one of the parties and beneficial to the other so as to substantially alter that original intent of this Second Amendment and the parties are unable to agree upon a mutually acceptable modification, the party aggrieved is reserved the right to apply to a Court of competent jurisdiction, and that Court may make such modification as will be consistent with the original intent of the parties.

(Emphasis added.)

The inconsistency between the language of the Second Amendment and the language of the Decree is helpful in determining the meaning of the last sentence of paragraph 1(e). In light of the fact that the Decree was entered a short two months after the Second Amendment was executed and in light of the fact that the rest of the sentences in 1(e) deal specifically with tax issues, I find that the amendments to § 20-109 were not the kind of legal and regulatory changes contemplated by the parties when they agreed upon the quoted language.

As to paragraphs 1(a) and 1(c) of the Second Amendment, these are no different than the language in the original PSA and the Decree, that is, by agreement of the parties, termination may only occur upon death or remarriage, but modification may be based upon a "change in circumstances." The PSA does not define "change in circumstances;" however, as mentioned above, Virginia courts have held that living in a marriage-like relationship is insufficient, alone, to constitute a change in circumstances pursuant to § 20-109.

Husband has alleged in his motion to modify spousal support that the Wife's financial needs have changed as a result of her relationship with Mr. Pitts. This court has jurisdiction to hear such a motion based on the parties' contract. Further, based on *Hollowell* and the foregoing non-binding but nevertheless instructive Virginia case law, this court may consider evidence of cohabitation for purposes of assessing whether there has been a change in the financial or economic circumstances of the Wife.

For these reasons, the Court grants the motion to compel and orders that all three interrogatories be answered in relation to the past five years.