COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


JOSEPH LINVILLE LEWIS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1230-10-2                        PER CURIAM
                                                    NOVEMBER 30, 2010
YVONNE DeGAETANI LEWIS


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                          Gary A. Hicks, Judge

            (Robin M. Morgan; Blackburn, Conte, Schilling & Click, P.C., on
            briefs), for appellant.

            (Michael S. Ewing; Batzli Wood & Stiles, PC, on brief), for
            appellee.


        Joseph Linville Lewis (husband) appeals a trial court's ruling denying his motion to reduce

or terminate spousal support to Yvonne DeGaetani Lewis (wife).  Husband argues that the trial

court erred in finding that the evidence was insufficient as a matter of law to show a material change

of circumstances bearing on husband's ability to pay spousal support since the entry of the final

decree.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                BACKGROUND

        Husband and wife married on June 10, 1960, separated on December 30, 1999, and

divorced on May 23, 2002.  The final decree stated that husband's spousal support obligation

would be as follows:

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the difference between one-half of the monthly amount he receives from the Reynolds Metals Retirement Plan and $3,000. One-half of the amount [husband] receives from the Reynolds Metals Retirement Plan will be transferred to [wife] by Qualified Domestic Relations Order . . . . If, for any reason, this amount cannot be transferred by Qualified Domestic Relations Order, [husband] shall pay to [wife] $3,000 per month spousal support until further order of the Court.

At the time of the divorce, husband was employed at Reynolds Metals earning $80,100 per year, and wife was unemployed.

In May 2009, husband was notified that his position was being eliminated. At the time, he was earning approximately $100,000 per year and was sixty-eight years old. As a result of his loss of employment, he was required to pay for medical insurance benefits. In August 2009, he filed a motion to reduce or terminate his spousal support. Wife was sixty-eight years old and suffered from multiple sclerosis, which affected her balance, vision, and ability to hold a pen.

After filing his motion, husband purchased a second residence with his fiancée. At the time of the hearing, he still lived in the first residence, which had no mortgage, while renovations were completed on his second home, which had a mortgage payment of $727 per month.

The trial court heard evidence and argument on February 22, 2010, and on April 8, 2010, it issued a letter opinion denying husband's motion. The trial court found that husband did not prove a material change in circumstances because "[w]hile there has been a slight reduction in [husband's] income due to his termination, [husband] continues to own substantial assets and has voluntarily taken on financial obligations." This appeal followed.

## ANALYSIS

### Spousal support

Husband argues that the trial court erred in finding that the evidence was insufficient as a matter of law to show a material change in circumstances bearing on husband's ability to pay spousal support since the entry of the final decree.

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

"Upon [the] petition of either party the court may increase . . . spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

On appeal, husband argues that the trial court erred when it compared his income and expense statement from the time of the divorce with his income and expense statement at the time of the February 2010 hearing. However, the statement from the time of the final decree showed husband's net monthly income was $4,080.92, and the statement from the February 2010 hearing showed his net monthly income was $3,713.79. The trial court concluded, "Income and expense worksheets prepared before [the] parties' divorce and after Mr. Lewis's termination show his monthly net income has decreased approximately $360 due to his job loss."

Furthermore, in examining the evidence and the income and expense statements, the trial court found that husband "voluntarily obligated himself on a mortgage for the second house,"

and he had "substantial assets," including two houses and funds in a bank account and 401(K) plan. His first house had no mortgage.

Meanwhile, wife owned a condominium and made monthly mortgage payments. She also had an annuity.

After his termination from employment, husband had an additional expense for health insurance; however, the trial court found that husband's other expenses were "inflated" because they included his fiancée's expenses as well as his own.

The trial court concluded that the "slight reduction" in his income was insufficient to prove a material change in circumstances, especially in light of his "substantial assets" and the fact that he "has voluntarily taken on financial obligations."

Here, the evidence supports the trial court's finding. Husband's financial situation changed little from the time of the divorce and the time of the February 2010 hearing. Husband had the ability to pay spousal support, and wife needed the support. The trial court did not err in denying husband's motion to reduce or terminate spousal support based on the finding that there was no material change in circumstances.

### Attorney's fees

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny wife's request for an award of attorney's fees and costs she incurred on appeal.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.