COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges McCullough and Huff
Argued at Alexandria, Virginia


EUGENIO CID

                                                          MEMORANDUM OPINION[*] BY
v.      Record No. 1952-11-4              CHIEF JUDGE WALTER S. FELTON, JR.
                                                          JUNE 26, 2012
OFELIA PEREZ DE CID


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

Jennifer Gregg (Nealon & Associates, P.C., on brief), for appellant.

Kenneth Gubin (Law Office of Kenneth Gubin, on brief), for
appellee.


Eugenio Cid ("husband") appeals from a ruling of the Circuit Court of Fairfax County ("trial

court") dismissing his petition for reduction of his spousal support obligation to his former wife,

Ofelia Perez de Cid ("wife").  Husband asserts that the trial court erred:  (i) in finding that he did not

prove a material change in circumstances; (ii) in requiring that the proven material change in

circumstances result in an inability to pay spousal support; and (iii) in considering only husband's

ability to pay and not wife's need for support in light of the changed circumstances.

Wife requests an award of attorney's fees and costs on appeal.

I.  BACKGROUND

On November 26, 2007, the trial court entered a final decree of divorce and ordered husband

to pay wife permanent spousal support in the amount of $1,500 per month.  On December 13, 2010,

pursuant to Code § 20-109, husband filed a petition to modify spousal support, asserting that his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

income had decreased significantly since 2007 through no fault of his own. He also contended that wife's income had increased since 2007.

At the hearing before the trial court on August 11, 2011, husband testified that he was the owner of a substance abuse counseling company that lost several lucrative contracts since the parties' divorce. He stated that, as a result of the company's financial hardships, his annual gross income from salary had decreased from $159,000 in 2007 to $43,000 in 2010. The evidence presented at trial showed that husband maintained other sources of income, including a bank account with a balance exceeding $200,000, retirement annuities with potential monthly income of over $2,000, and over $24,000 in annual social security benefits.[1]

Wife testified that she worked for Arlington County Public Schools and that her gross earnings in 2010 were approximately $106,421.[2] She testified that her taxable income in 2007 was $72,818[3] and that her current salary was "roughly the same" as it had been in 2007.

At the conclusion of the hearing, husband asserted that his decreased salary income constituted a material change in circumstances. The trial court acknowledged that husband experienced a decrease in salary income since 2007. However, the trial court found that husband's decreased salary income did not constitute a material change in circumstances warranting a modification of his spousal support obligation. The trial court stated that "a material change in circumstances as to [husband's] income[] does not amount to a material change in circumstances as to [his] ability to pay" spousal support. The trial court, finding that husband's gross monthly

---

[1] Husband's federal income tax returns reflected a gross income of $210,509 in 2007 and a gross income of $141,031 in 2010.

[2] Wife predicated this figure on her payroll summary dated December 31, 2010. At the time of the hearing, wife had not yet filed her 2010 federal income tax return.

[3] Wife testified that she arrived at this figure by examining her 2007 federal income tax return.

income was $11,792 and that his monthly expenses approximated $7,000, entered a final order denying husband's petition to reduce his monthly spousal support payments, and directing him to continue to pay spousal support to wife in the amount of $1,500 per month.[4]

## II.  ANALYSIS

Husband contends the trial court erred by finding that he failed to meet his burden of proof to show a material change in circumstances because his reduced salary income did not affect his ability to pay spousal support.  Husband asserts the trial court erred by concluding that the parties' changes in income, by itself, did not constitute a material change in circumstances.

Code § 20-109(A) provides, in pertinent part, that "[u]pon petition of either party, a court may [modify] the amount or duration of spousal support . . . as the circumstances may make proper."  A trial court has broad discretion in determining spousal support.  Moreno v. Moreno, 24 Va. App. 190, 194, 480 S.E.2d 792, 794 (1997).  We will not disturb the trial court's determination of whether to modify a party's spousal support obligation absent a clear abuse of discretion.  Id. at 194-95, 480 S.E.2d at 794.

Husband's argument on appeal mirrors that of the appellant husband in Driscoll v. Hunter, 59 Va. App. 22, 716 S.E.2d 477 (2011).  In Driscoll, husband sought modification of his spousal support obligation because of a substantial reduction in his income following his retirement from practicing oral surgery.  Id. at 27, 716 S.E.2d at 479.  On appeal to this Court, husband asserted, *inter alia*, that the trial court erred in failing to "'specifically hold[] that [husband's] retirement was a material change in circumstances.'"  Id. at 32-33, 716 S.E.2d at 481.  We concluded:

> A material change in circumstances, by itself, does not require the alteration of a spousal support award.  Instead, the party seeking modification must show, in addition to a material change in circumstances, that the change "'warrants a modification of

---

[4] The trial court included husband's $1,500 spousal support obligation in calculating his monthly expenses.

support.'" Moreno[, 24 Va. App. at 195, 480 S.E.2d at 794-95] (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)). A modification of support is warranted when it "'bear[s] upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Id. at 195, 480 S.E.2d at 795 (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)). Therefore, *even if the trial court had committed error in declining to hold that husband's retirement constituted a material change in circumstances, that alone would not provide a basis for the trial court to alter the spousal support obligation.*

Id. at 33, 716 S.E.2d at 481-82 (emphasis added).

Rather, "[t]he crucial question, once a material change in circumstances has been shown, is the 'ability of the supporting spouse to pay.'" Id. (quoting Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452). Here, as in Driscoll, "[h]usband's ability to pay was undisputed." Id. Husband did not dispute that he had the continued ability to pay his spousal support obligation despite the reduction in his salary income, and no evidence was presented that wife's need for spousal support had diminished.

Accordingly, we conclude from the record on appeal that the trial court did not abuse its discretion in declining to modify husband's obligation to pay spousal support in the amount of $1,500 per month, based solely on a change in his and wife's respective incomes.[5]

---

[5] In his third assignment of error, husband asserts the trial court erred by preventing him from questioning wife about her need for spousal support and by refusing to consider evidence of wife's need for spousal support. Husband failed to preserve these arguments for appeal. Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

The record on appeal reflects that husband failed to object to any ruling of the trial court that purportedly prevented him from questioning wife about her need for spousal support, and in fact concluded his examination with his attorney's statement that "[he] ha[d] no more questions for [wife]." In addition, husband's endorsement on the final order as "[s]een and objected to as to the ruling that [husband] did not satisfy his burden of proof, that there was not a material change of circumstances, [and] that [husband] has the ability to pay spousal support," was insufficient to preserve his argument--that the trial court erred by failing to consider wife's need for spousal support--for appeal. See Andrews v. Creacey, 56 Va. App. 606, 635-36, 696 S.E.2d 218, 232 (2010) (appellant must do more than make a general objection to the final order to preserve his issues for appeal). Accordingly, we will not consider husband's third assignment of error.

Attorney's Fees

Wife seeks an award of her attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996) (footnote omitted).

After considering the record on appeal, we conclude husband's appeal of the trial court's denial

of his request for modification of spousal support was not frivolous, and thereby decline to award

wife attorney's fees on appeal.

### III.  CONCLUSION

For the foregoing reasons, the Court affirms the judgment of the trial court.

Affirmed.